IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND-CARLOS QUINONEZ,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN HARRINGTON,<br><br>    Respondent.<br>_____ / | No. C 09-04272 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS** |

    Before the Court are Petitioner's motion for appointment of counsel and a letter the Court construes as a request for an extension of time to file his opposition to Respondent's motion to dismiss (docket nos. 8 and 9).

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or

mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At this time, the Court is unable to determine whether the appointment of counsel is mandated for Petitioner.  Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request (docket no. 8) is DENIED.  This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

As mentioned above, Petitioner has also filed a letter (docket no. 9), which the Court construes as a request for an extension of time in which to file his opposition to Respondent's motion to dismiss.  The Court GRANTS Petitioner's request.  The time in which Petitioner may file his opposition to will be extended up to and including **thirty (30) days** from the date of this Order.  Respondent shall file a reply brief no later than **fifteen (15) days** after the date Petitioner's opposition is filed.

This Order terminates Docket nos. 8 and 9.

IT IS SO ORDERED.

Dated:  8/25/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND-CARLOS QUINONEZ,

        Plaintiff,

  v.

HARRINGTON et al,

        Defendant.

Case Number: CV09-04272 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond-Carlos Quinonez E-15587
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216-5103

Dated: August 25, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Quinonez4272.Atty-Eot.frm     3