IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND-CARLOS QUINONEZ,<br><br>Petitioner,<br><br>v.<br><br>KELLY HARRINGTON, Warden,<br><br>Respondent. | No. C 09-04272 SBA (PR)<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION TO STAY; DENYING HIS REQUESTS TO DELETE AND CONDENSE CERTAIN CLAIMS; GRANTING RESPONDENT'S MOTION TO DISMISS; AND DIRECTING PETITIONER TO MAKE AN ELECTION RELATING TO HIS HABEAS PETITION**<br><br>(Docket no. 7) |

Petitioner Raymond-Carlos Quinonez, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court issued an Order to Show Cause directing Respondent to answer the instant petition.

Respondent now moves to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims (docket no. 7). Petitioner opposes the motion and (1) requests a stay pending the California Supreme Court's decision on his state habeas petition in Case No. S182505 or, in the alternative, (2) concedes that certain claims in his federal habeas petition are unexhausted and requests the Court to delete them. He also requests the Court to condense certain claims in his federal habeas petition into one claim. Respondent has filed his reply.

For the reasons discussed below, the Court hereby DENIES as moot Petitioner's request for a stay pending a decision on his state habeas petition in Case No. S182505; DENIES his requests to delete and condense certain claims in his federal habeas petition; GRANTS Respondent's motion to dismiss; and directs Petitioner to elect from one of the choices outlined below.

**FACTUAL BACKGROUND**

On April 18, 2003, before his jury trial commenced, Petitioner filed in the California Supreme Court a petition for review of the summary denial of his petition for writ of prohibition. (Resp't Ex. 1.) The California Supreme Court denied Petitioner's petition on May 21, 2003.

On June 23, 2004, a jury convicted Petitioner of one count conspiracy to commit robbery, four counts of possession of a destructive device near a school or other public place, two counts of

making a false bomb report to a peace officer, and one count of attempted robbery. The jury also found Petitioner was armed. The trial court found Petitioner had one prior strike conviction, two prison priors, and one prior serious felony conviction. The trial court sentenced Petitioner to twenty-five years and four months in prison.

On September 7, 2006, the California Court of Appeal remanded the case to the trial court for re-sentencing but otherwise affirmed the judgment. On October 18, 2006, Petitioner filed a petition for review in the California Supreme Court, Case No. S147398, raising the following claims:

1. Petitioner's statements to the police were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966).

2. Petitioner's statements were coerced by promises of benefits and leniency.

3. Exclusion of references to penalty was fundamentally unfair.

4. The evidence was insufficient to prove Petitioner made a false bomb report to a "peace officer."

5. Possession of multiple destructive devices does not warrant multiple convictions.

6. Imposing consecutive sentences violates Blakely v. Washington, 542 U.S. 296 (2004).

7. The trial court improperly denied petitioner work-time credits.

8. Petitioner possessed destructive devices and made a false bomb report with consecutive, similar intents and not simultaneous separate intents; and therefore, multiple punishment was not justified.

(Resp't Ex. 4.) The California Supreme Court denied review on December 20, 2006.

On remand, the trial court stayed the sentence for conspiracy and for one of the two false bomb threat convictions, and it sentenced Petitioner to twenty-five years in state prison. On June 24, 2008, the California Court of Appeal stayed execution of sentence on one false bomb threat conviction and affirmed the judgment as modified.

On August 1, 2008, Petitioner filed in the California Supreme Court another petition for review, Case No. S165627. He raised the following issues in his petition:

1. Imposing consecutive sentences violated Petitioner's rights to jury trial and proof beyond a reasonable doubt.

2. Imposing multiple terms under California Penal Code § 654 violated

Petitioner's rights to jury trial and proof beyond a reasonable doubt. (Resp't Ex. 7.) The California Supreme Court denied the petition on September 10, 2008.

On September 11, 2009, Petitioner filed the present federal petition. On March 11, 2010, the Court ordered Respondent to file and serve an answer to the petition.

On May 7, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Case No. S182505. Petitioner raised the following claims in his petition:

1. The prosecutor failed to inform Petitioner of the "nature and cause of accusation," in violation of his Sixth Amendment right of the U.S. Constitution, and his due process and equal protection rights of the California Constitution, Article 1 § 24.

2. The trial court violated Petitioner's rights to due process and equal protection for not suppressing statements made during his detention, which was rendered unlawful when he was detained over forty-eight hours without being arraigned.

3. Officer Stackhouse and the prosecutor violated Petitioner's due process right in not bringing Petitioner before a judge within forty-eight hours of his detention.

4. The prosecutor and police violated Petitioner's right to counsel by promising him benefits and leniency.

5. The trial court judgment is void because Petitioner was either not represented by counsel or had ineffective assistance of counsel. Neither defense counsel and the prosecutor informed Petitioner of the "conflict of interest," as both attorneys were members of the "State Bar." Further, that Petitioner's right to a "speedy trial" was violated.

6. Service was not proper on the "attorney of record."

(Opp'n, Ex. A.)

On July 2, 2010, Respondent filed the present motion to dismiss for failure to exhaust state remedies. Petitioner filed an opposition, attaching a copy of his habeas petition filed in the California Supreme Court. Respondents filed a reply.

The California Supreme Court's official website shows that the habeas petition filed in Case No. S182505 was denied on December 1, 2010. See Quinonez (Raymond Charles) on H.C., Cal. S. Ct. No. S182505.

## DISCUSSION

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting

3

the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). A district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims. Rose, 455 U.S. at 522; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). However, before entering a judgment of dismissal, a district court must provide a petitioner with an opportunity to amend the "mixed petition" by striking his unexhausted claims. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)). Alternatively, a court may stay the "mixed petition" while the petitioner returns to state court to exhaust the unexhausted claims. Rhines, 544 U.S. at 277.

   District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. Id. at 277-78. The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78). "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. Id. (citing Rose, 455 U.S. at 522 (the total exhaustion

4

requirement was not intended to "unreasonably impair the prisoner's right to relief")).

## I.      Petitioner's Motion to Stay

In the present case, Petitioner has requested a stay pending the California Supreme Court's decision on his habeas petition. (Opp'n at 2-3.) In contrast, Respondent alleges that the claims raised in his state habeas petition "are not the same claims in his federal petition that Respondent contends are unexhausted," and therefore, "the stay and abeyance procedure is not appropriate." (Id. at 4.)

Although neither party has supplied the Court with the California Supreme Court's decision, that court's official website shows that his state habeas petition in Case No. S182505 has been denied. See Quinonez (Raymond Charles) on H.C., Cal. S. Ct. No. S182505. Accordingly, Petitioner's motion to stay pending the California Supreme Court's decision is DENIED as moot.

## II.     Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

Petitioner filed the present federal habeas petition alleging the following twenty-two claims:

1.  Petitioner's statements to police should have been excluded because they were obtained in violation of Miranda, the Fifth Amendment privilege against self incrimination, and were involuntary.

2.  Police violated Petitioner's rights to remain silent and to due process by obtaining a confession by coercion and promises of benefits and leniency.

3.  Exclusion of references to penalty in Petitioner's police interviews was fundamentally unfair and violated due process.

4.  Legally insufficient evidence supported Petitioner's convictions for making false bomb reports.

5.  Denial of pre-sentence work-time credits violated due process.

6.  The prosecutors committed misconduct by failing to properly file the information with the grand jury and define the language of California Penal Code § 148.1(a).

7.  Imposition of multiple terms under California Penal Code § 654 violated Petitioner's rights to a jury trial and to proof beyond a reasonable doubt.

8.  Imposition of consecutive sentences violated Petitioner's rights to a jury trial and proof beyond a reasonable doubt.

9.  The sentencing court denied Petitioner due process by not following the sentencing process defined by the California legislature, and the sentencing statutes do not protect his right to due process.

10. Petitioner was deprived of his right to liberty, imposition of consecutive

5

|   |   |   |
|---|---|---|
|   |     | sentences violated his fundamental right to due process and Petitioner is unlawfully restrained. |
|   | 11. | Petitioner's attorney rendered ineffective assistance by failing to preserve his right to have the prosecutor prove sentence enhancements, depriving him of a fair trial. |
|   | 12. | The membership of defense counsel, the prosecutor and the trial judge in the California State Bar, a state agency, created a conflict of interest of which Petitioner was unaware and restrained his right to choice of counsel. |
|   | 13. | Defense counsel, the prosecutor and the trial judge violated Petitioner's right to full disclosure of the nature of the cause of action, the "parties in interest," and the venue and jurisdiction of the court in violation of due process, the prohibition against cruel and unusual punishment, and equal protection. |
|   | 14. | The prosecutor's office acted with defense counsel to deprive Petitioner of due process and equal protection. |
|   | 15. | The California Court of Appeal opinion ignored <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004). |
|   | 16. | The trial court's findings on Petitioner's intent and objective violated his right to jury trial and against double jeopardy since the jury acquitted Petitioner of charges of "intent to terrorize or intimidate." |
|   | 17. | The trial court's misapplication of California Penal Code § 654 deprived Petitioner of a state-created liberty interest in violation of due process. |
|   | 18. | The trial court's reliance on a "prison packet" as proof of a prior conviction violated due process. |
|   | 19. | Trial counsel and appellate counsel rendered ineffective assistance by failing to raise issues on appeal or collateral attack. |
|   | 20. | Since Petitioner's appointed defense counsel and the prosecutor were from the same state agency, the California State Bar, the judgment is void. |
|   | 21. | The state neglected or refused to correct the violation of Petitioner's rights to due process and equal protection. |
|   | 22. | Requiring the California State Bar to provide assistance to the prosecution and defense counsel violated Petitioner's right to due process. |

(Pet., Attach.1-4.) Petitioner alleges, with respect to the claims raised in the present petition, that "he has given the State of California a fair and complete opportunity to remedy any and all errors in the present case." (Opp'n at 1.) He also "concedes," however, to "dismissal of the following grounds: #6, 11, 15, 18 and 19." (<u>Id.</u> at 2.) Petitioner alleges that "the arguments presented in grounds #12, 13, 21 and 22 are essentially the same issue" and, accordingly, he moves to "condense" claims 12, 13, 21 and 22 into "one ground/issue." (<u>Id.</u> at 2-3.)

6

1    In contrast, Respondent alleges that dismissal is warranted because Petitioner has failed to
2 exhaust state remedies with respect to claims 6, 9, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 and 22.
3 (Mot. to Dismiss at 6.)  Respondent also alleges that Petitioner "concedes that grounds 6, 9, 11, 12,
4 13, 15, 16 and 18-22 were not previously presented to any other court."  (Reply at 2.)  Finally,
5 Respondent claims that "whether claims 12, 13, 21 and 22 are considered together or separately,
6 they are not exhausted and must be dismissed . . . ."  (Id. at 3.)

7    On October 18, 2006, Petitioner filed in the California Supreme Court a petition for review
8 in Case No. S147398.  In this petition for review, Petitioner raised claims similar to claims 1, 2, 3, 4,
9 5, 10 and 15 from his federal petition.  On August 1, 2008, Petitioner filed in the California Supreme
10 Court another petition for review in Case No. S165627.  In this petition for review, Petitioner raised
11 claims similar to claims 7, 8 and 10 from his federal petition.  Finally, on May 7, 2010, Petitioner
12 filed a habeas petition in the California Supreme Court, Case No. S182505.  In this habeas petition,
13 Petitioner alleged "ineffective assistance of counsel" because of the "failure of both counsel to
14 inform/disclose to [Petitioner] conflict of interest as both counsel and prosecutor are members of the
15 'State Bar.'"  (Opp'n, Ex. A.)  Petitioner also alleged the prosecutor failed "to inform the accused of
16 the 'nature and cause of accusation' right protected by the 6th Amendment . . . and Cal Const. Art I,
17 § 24 Due Process and equal protection of the law."  (Id.)  Petitioner therefore raised in the state
18 habeas petition elements of claims 12 and 13 from his federal petition.

19    Based on the record, Petitioner has exhausted state remedies with respect to claims 1, 2, 3, 4,
20 5, 7, 8, 10 and 15 from his federal petition.  Petitioner has also exhausted claim 12 with respect to
21 his allegation that his defense counsel's and the prosecutor's membership in the California State Bar
22 created a conflict of interest.  Finally, Petitioner has exhausted claim 13 with respect to his
23 allegation that the prosecutor failed to inform him of the "nature and cause" of his accusation.
24 However, Petitioner's other claims remain unexhausted, including claims 6, 9, 11, 14 and 16-22, as
25 well as portions of claims 12 and 13.  As such, Plaintiff has filed a "mixed petition" containing both
26 exhausted and unexhausted claims.  Accordingly, Respondent's motion to dismiss is GRANTED.
27 Before the Court enters a judgment of dismissal, however, it must provide Petitioner with an
28 opportunity to either amend the "mixed petition" by striking his unexhausted claims, Jefferson, 491

F.3d at 1016, or stay the "mixed petition" while Petitioner returns to state court to exhaust the unexhausted claims, Rhines, 544 U.S. at 277.

As mentioned above, in his opposition, Petitioner conceded that claims 6, 11, 18 and 19 are unexhausted; therefore, he requests to delete these claims.[1] However, because the Court has found that there are additional claims in his federal habeas petition that remain unexhausted (other than the four he wishes to delete), the Court DENIES his request; instead, Petitioner is directed to make an election as to one of the choices below. In addition, the Court DENIES his request to "condense" claims 12, 13, 21 and 22 into "one ground/ issue." Similarly, these claims are unexhausted; therefore, Petitioner is again directed to make an election as to one of the choices below.

Accordingly, Petitioner may chose either to (1) amend his petition by deleting his unexhausted claims and proceed only with his exhausted claims or (2) request a stay of his petition while he exhausts his unexhausted claims in state court. Petitioner must clearly express the exhausted claims with which he wishes to proceed. Petitioner is advised that if he strikes the unexhausted claims and proceeds only with the exhausted claim, the abuse of writ doctrine will bar him from raising the unexhausted claims in future federal habeas proceedings. Further, a stay will not be granted unless Petitioner can show there was good cause for his failure to exhaust his remaining claims in state court and the claims are potentially meritorious. See Rhines, 544 U.S. at 277. If Petitioner exhausts his unexhausted claims by way of a state habeas petition, Petitioner may then return to federal court on all of his exhausted claims.

Within **thirty (30) days** of the date of this Order, Petitioner must submit his amended petition along with a request to dismiss his unexhausted claims and proceed with his exhausted claims, or a request to stay the petition while he returns to state court to exhaust his unexhausted claims. If he does neither, the Court will dismiss the petition for failure to exhaust state judicial remedies.

## **CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

---

[1] Petitioner also conceded that claim 15 was unexhausted; however, the Court has found that he has actually exhausted his state judicial remedies as to claim 15. Therefore, it will not consider claim 15 as part of his request to delete certain unexhausted claims.

8

1.  Petitioner's motion to stay is DENIED as moot.  His requests to delete and condense certain claims in his federal habeas petition is also DENIED.  Instead, he is directed to make an election as to one of the choices below.

2.  Respondent's motion to dismiss (docket no. 7) is GRANTED.

3.  No later than **thirty (30) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his exhausted claims, along with a request to dismiss his unexhausted claims and proceed with his exhausted claims, or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

4.  If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 09-4272 SBA (PR), as well as the words AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

5.  If Petitioner fails to file either an amended petition or a request for a stay as ordered herein by the thirty-day deadline, the petition will be dismissed without prejudice to Petitioner's later filing a new petition that contains only exhausted claims.  Should he do so, he is advised to file his new federal habeas petition as soon as possible after his state court proceedings have concluded.

6.  This Order terminates Docket no. 7.

IT IS SO ORDERED.

DATED: March 31, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.09\Quinonez4272.grantMTD(exh).wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND-CARLOS QUINONEZ,

        Plaintiff,

v.

HARRINGTON et al,

        Defendant.

Case Number: CV09-04272 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond-Carlos Quinonez E-15587
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216-5103

Dated: April 13, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Quinonez4272.grantMTD(exh).wpd