IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND-CARLOS QUINONEZ,

    Petitioner,

  v.

WARDEN HARRINGTON,

    Respondent.

No. C 09-4272 SBA (PR)

**ORDER DENYING SECOND REQUEST FOR APPOINTMENT OF COUNSEL**

    On October 3, 2011, Petitioner filed a letter in which he requests appointment of counsel in this action (docket no. 24). This is his second request for appointment of counsel.

    In an Order dated August 25, 2010, the Court denied Petitioner's first request for appointment of counsel.

    Petitioner now notes that on August 30, 2011, he was a "victim of an assault and stabbed in the eye and struck and sustained a major orbital fracture." (Oct. 3, 2011 Letter at 1.) He claims that his injuries have led to vision problems, which he has classified as a "physical condition that will make it unlikely that for one [he'll] be able to do any research . . . or properly respond to the Court within guidelines or effectively present [his] pro per case . . . ." (Id. at 2-3.)

    The Court still finds that appointment of counsel is not warranted in this case. Even with his vision problems, Petitioner has been able to write a letter to the Court, and his handwriting is decipherable. Furthermore, Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex. All his pending claims were raised on appeal to the state courts during direct review, and he was represented by counsel at that time. Thus, the Court assumes Petitioner has access to the briefs filed by his appellate counsel in the state courts.

    This is not an exceptional case that would warrant representation on federal habeas review. There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims. If during its review of the merits of the petition the Court determines that

1 further fact finding is required, the Court will decide whether to hold an evidentiary hearing or
2 whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as
3 supplementation of the record with sworn declarations from the pertinent witnesses. See Downs v.
4 Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000).

     Accordingly, Petitioner's second motion for appointment of counsel is DENIED. This denial is without prejudice to reconsideration should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

     IT IS SO ORDERED.

Dated: 12/12/11

                                      SAUNDRA BROWN ARMSTRONG
                                      UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND-CARLOS QUINONEZ,

        Plaintiff,

v.

HARRINGTON et al,

        Defendant.

Case Number: CV09-04272 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond-Carlos Quinonez E-15587
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216-5102

Dated: December 13, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Quinonez4272.DenyAtty2.wpd     3